UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Nayamkah Howard,

               Plaintiff,

  -against-

JetBlue Airways Corporation,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Case No. 22-1929

**COMPLAINT**

Plaintiff Demands
a Trial by Jury

## PRELIMINARY STATEMENT

Plaintiff Nayamkah Howard ("Plaintiff" or "HOWARD") complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") as amended, 42 U.S.C. § 1981, New York State law, and New York City Law, and seeks damages to redress the injuries Plaintiff suffered as a result of, *inter alia,* national origin, race, sexual orientation and/or perceived sexual orientation discrimination, and retaliation*,* upon information and belief as follows:

## JURISDICTION & VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under 42 U.S.C. § 1981 and 42 U.S.C. Section(s) 2000e et seq.

2. Additionally, this Court has supplemental jurisdiction of the State and local law causes of action asserted in this action under 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York under 28 U.S.C. 1391 § (b)-(c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Eastern District of New York.

4. Plaintiff has exhausted all administrative prerequisites prior to commencing this action.

## PARTIES

5. At all times material, Plaintiff is of Trinidadian ancestry and national origin.

6. At all times material, Plaintiff is a bi-sexual female.

7. At all times material, Plaintiff is Afro-Caribbean.

8. At all times material, Defendant JetBlue Airways Corporation ("Defendant" or "JetBlue") was and is a foreign business corporation, duly existing by the virtue and laws of the State of Delaware.

9. At all times material, and as relevant to this action, JetBlue operates out of Queens County, New York.

10. At all times material, up and until her termination, Defendant employed Plaintiff.

## STATEMENT OF FACTS

11. On or about April 19, 2017, Defendant hired Plaintiff as a Staffing Coordinator. Thereafter, on or about March 16, 2021, Defendant promoted Plaintiff to Field Generalist.

12. On or about April 3, 2021, Defendant's Supervisor RAUSHANNAH KORNEGAY demanded Plaintiff "investigate" an employee named ALEXIS GARY. KORNEGAY demanded proof of GARY's relationship with another woman.

13. At all times material, Defendant's Supervisor RAUSHANNAH KORNEGAY was Plaintiff's immediate supervisor.

14. Plaintiff was upset by KORNEGAY's inquiry into GARY's relationship, as KORNEGAY never demanded similar inquiries into heterosexual couples.

15. Plaintiff refused to participate in and opposed KORNEGAY's blatant differential treatment and complained to KORNEGAY about her investigation into GARY.

16. At all times material thereafter, KORNEGAY was rude, aggressive, and overly demanding of Plaintiff. KORNEGAY began to nitpick Plaintiff's work while leaving other similarly situated employees alone.

17. At all times material, Plaintiff routinely attended private Trinidadian-Carnival themed parties outside of work all over the world. These Trinidadian-Carnival themed parties included women wearing traditional Carnival clothing and people engaging in traditional wine-dancing.

18. At all times material, Plaintiff's Trinidadian heritage, background, and ancestry, embraces the Trinidadian-Carnival celebration.

19. On or about March 15, 2021, Plaintiff held a private, Trinidadian-Carnival themed party with friends.

20. On or about March 19, 2021, Defendant's Supervisor KORNEGAY text messaged Plaintiff, instructing Plaintiff to work from home.

21. That same day, KORNEGAY called Plaintiff and demanded a "statement" from Plaintiff related to videos shared on Plaintiff's private Instagram. KORNEGAY told Plaintiff she received a video of Plaintiff dancing "inappropriately" with another JetBlue employee.

22. Plaintiff asked how her traditional Trinidadian-Carnival dancing was "inappropriate," to which KORNEGAY replied "*dancing with males and females*" was inappropriate, tasteless, and Plaintiff could not behave "*that way*." KORNEGAY then criticized Plaintiff's traditional Carnival-dress. KORNEGAY then told Plaintiff that she herself had a large social media presence and Plaintiff did not see *her* behaving "that way."

23. Plaintiff was shocked by KORNEGAY's ignorance and limited understanding of Trinidadian culture, dance, and dress.

24. In response to KORNEGAY telling Plaintiff that KORNEGAY herself did not "behave that way," Plaintiff pointed out that they are from two different cultures and come from different backgrounds.

25. KORNEGAY, wedded to her ignorance, ignored Plaintiff and demanded Plaintiff provide a statement regarding her cultural expressions.

26. On or about March 20, 2021, Defendant's Supervisor ROBIN KING—who is a level above KORNEGAY—called Plaintiff and asked Plaintiff to explain "what happened." Plaintiff explained that she was celebrating her birthday the way her culture celebrates, with Carnival themed clothing and dance. KING told Plaintiff that her dancing was "**damaging to the JetBlue brand**." KING continued to reprimand Plaintiff, asking how Plaintiff could investigate employees in her role if they saw her celebrating Trinidad- Carnival and/or dancing with another employee.

27. Plaintiff then told KING that she was being singled out because of her bi-sexuality and Trinidadian background. KING disregarded Plaintiff's opposition and instead demanded access to view Plaintiff's private Instagram account.

28. Naturally, Plaintiff was hesitant regarding her employer's invasive request. KING assured Plaintiff she was just searching for any pictures showing a JetBlue logo or other JetBlue representation. Plaintiff, knowing she did not—and would never—have anything related to Defendant's on her page, allowed KING access.

29. Thereafter, KING confirmed with Plaintiff that Plaintiff's private Instagram page did not have Defendant's logo or any representation of Defendant.

30. On or about March 24, 2021, Defendant, unbeknownst to Plaintiff, revoked all of Plaintiff's work-related systems access. Moments later, KING demanded a conference call with Plaintiff and KORNEGAY.

31. On the call, KING and KORNEGAY reiterated their position that Plaintiff was behaving "inappropriately." Thereafter, on the call, Defendant suspended Plaintiff pending further review.

32. On or about June 4, 2021, Defendant terminated Plaintiff because of Plaintiff's national origin, race, sexuality (orientation and perceived-orientation), and because Plaintiff objected to Defendant's unlawful acts.

33. Defendant terminated Plaintiff because of Plaintiff's national origin, race, sexual orientation and/or perceived sexual orientation, and in retaliation for Plaintiff's opposition to unlawful employment practices.

34. On or about June 23, 2021, Defendant, as an act of intimidation and further retaliation, sent Supervisor KORNEGAY to Plaintiff's home. KORNEGAY began to ask questions about Plaintiff to local stores around Plaintiff's home.

35. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

37. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to her professional reputation.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other

compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

39. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

40. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct Defendant subjected Plaintiff to.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION & RETALIATION UNDER 42 U.S. CODE § 1981

41. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

42. 42 U.S. Code § 1981 provides:

   (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

43. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby

entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

44. As a result of Defendant's retaliation in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

45. Defendant violated the above and Plaintiff suffered numerous damages as a result.

46. Plaintiff makes a claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

## AS A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

48. Title VII states in relevant part as follows:

    "(a) Employer practices:

    (1) It shall be an unlawful employment practice for an employer: to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

49. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above named Defendant. Plaintiff complains of

Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, sexuality (orientation), and national origin.

50. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by discharging, and otherwise discriminating against Plaintiff because of Plaintiff's race, sexuality, and national origin.

### AS A THIRD CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

52. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

53. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

### AS A FOURTH CAUSE OF ACTION UNDER STATE LAW DISCRIMINATION

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

55. New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

56. Defendant violated the section cited herein by discharging and otherwise discriminating against the Plaintiff because of Plaintiff's race, national origin, and sexuality (orientation).

57. Defendants violated the section cited herein as set forth.

### AS A FIFTH CAUSE OF ACTION
### UNDER STATE LAW
### RETALIATION

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

59. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

60. As a direct consequence of Plaintiff opposing discrimination in the workplace to her supervisors, Defendant unlawfully retaliated against Plaintiff by materially altering her terms and conditions of employment (i.e. termination).

61. Defendants violated the section cited herein as set forth.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

63. The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice and violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his race and creed, together with harassment and causing a hostile work environment based on same.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New York City Administrative Code Title 8.

66. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

69. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

70. As a direct consequence of Plaintiff reporting discrimination in the workplace to her supervisors, Defendant unlawfully retaliated against Plaintiff by materially altering his terms and conditions of employment (i.e. termination).

71. Defendants violated the section cited herein as set forth.

## AS AN EIGHTH CAUSE OF ACTION
## FOR SUPERVISOR LIABILITY UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

73. New York City Administrative Code Title 8-107(13)(b) provides that: "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where; (i) the employee or agent exercised managerial or supervisory responsibility; (ii) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (iii) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

74. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
April _5_, 2022

**DEREK SMITH LAW GROUP, PLLC**

*Attorneys for Plaintiff*

By: ____*Alex Cabeceiras*____
Alexander G. Cabeceiras, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760
alexc@dereksmithlaw.com